IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER SEVEN |
| | : | |
| PAUL ORKIN d/b/a PAUL CHEVROLET-PONTIAC-BUICK, | : | BANKRUPTCY NO.: 5-08-bk-53338 |
| | : | |
| DEBTOR | : | |

# **OPINION**[1]

Before the Court are two separate Motions for Payment of Administrative Expense Claims filed by Automatic Data Processing, Inc. at Doc. #187 and the Motion by ADP, Inc.'s Dealer Services Group and ADP Commercial Leasing, LLC, at Doc. #188. Both Motions for Payment of Administrative Expense Claims were heard by the Court on July 23, 2009. The Court will address the Motion of Automatic Data Processing, Inc. first.

During the colloquy with the Court, the lawyer representing Automatic Data Processing, Inc. (ADPI) represented that ADPI is not a creditor and had no relationship with the Debtor except for its participation in post-petition contempt motions. As a result of an earlier Motion for Contempt, (Doc. #157), ADPI agreed to obtain technical support leading to the provision of a login password for the Trustee.[2] Presumably, in an effort to resolve the contempt motion, ADPI agreed to assist the Trustee in obtaining certain

---

[1] Drafted with the assistance of Richard P. Rogers, Law Clerk.

[2] The parties are well versed in the factual and procedural background in this case leading up to the two motions under consideration, and therefore, a recitation of facts and procedure will not be set forth.

information from technical support. Those efforts were completed by a lawyer representing ADPI, and as such, that lawyer's billing rates were utilized when presenting the administrative claim for $617.50. ADPI's lawyer indicated that in lieu of having sanctions issue, ADPI contacted technical support on the Trustee's behalf and filed an administrative claim for those expenses. The lawyer took it upon herself to make those contacts and is now billing the estate her regular attorney's fees. Because it was ADPI's burden to support its request for the administrative fees and no presentation was made as to what administrative rates would normally be requested for the type of services provided, the Court hereby denies the request for payment of administrative expenses identified in document number 187 in its entirety.

The Motion of ADP, Inc.'s Dealer Services Group ("ADPDS") and ADP Commercial Leasing, LLC ("ADPCL") for administrative expenses has three components. ADPDS provided technical support to the Trustee at a standard rate of $125 per hour for a total of $250, and to that extent, the Court will grant administrative expense status to the $250 claimed for technical support.

As to the remaining portions compromising an equipment lease with ADPCL and a master's service agreement with ADPDS, the amounts of the administrative claims for these two entities were $13,234.43[3] and $2,835.47[4], respectively.

---

[3] This amount was subsequently adjusted downward for a total of $1,767.54. (See Transcript of 7/23/2009 at 10.)

[4] This amount includes the $250 for technical support that was granted as an administrative expense above.

At the hearing, the Trustee attacked the requests for administrative expense on several fronts. Initially, the Trustee questioned the authenticity of the exhibits which were presented at the hearing and also certain documents which the movants requested the Court take judicial notice. Furthermore, as might be readily apparent from the various similarities in the names of the movants in these two motions, the Trustee questioned which entity he was actually dealing with during the pendency of the post-petition attempts to access the Debtor's information. The Trustee placed significant emphasis in his objections directed to the lack of witnesses by the movants to support their request for administrative expense status. The Trustee argued that the estate should not be responsible to pay for services which were admittedly suspended prior to the filing of the petition and for hardware which was inactive and basically rendered useless to the estate during the post-petition period. The only equipment acknowledged by the Trustee to be used post-petition was a dot matrix printer for several hours. No evidence was submitted by the movants as to value on the use of the printer.

Section 503(a) of the Code allows entities to file requests for payment from a debtor's estate for certain administrative expenses. Except for certain liabilities arising out of an involuntary case, such expenses are allowed after notice and hearing. *See* 11 U.S.C. §§ 503(a); *see also* 11 U.S.C. § 102(1)(interpretation of "after notice and hearing").

> Requests for administrative treatment are viewed differently than those liabilities listed on a Proof of Claim form. Unlike the presumptive validity afforded to holders of proofs of claim, the burden of proving an

> administrative expense's validity is always on the creditor and cannot be born (sic) by anyone else. *See* 11 U.S.C. § 502(a); *see also Microsoft Corp. v. Dak Indus., Inc.* (In re Dak Indus., Inc.), 66 F.3d 1091, 1094 (9th Cir. 1995); *In re Mid Region Petroleum, Inc.,* 1 F.3d 1130, 1132 (10th Cir. 1993); *In re McNitt*, 170 B.R. 706 (D. Idaho 1994); Collier on Bankruptcy ¶ 503.04[1]. Overview of Section 503(b)—Allowance after "Notice and a Hearing" (15th ed. revised). The creditor cannot rely on a third party, such as the Trustee, to advance its interest under Section 503. *See McNitt*, 170 B.R. at 707. This burden only shifts to the objector *after* the creditor has established a prima facie case concerning entitlement to administrative priority. *See In re Atcall, Inc.,* 284 B.R. 791, 800 (Bankr. E.D. Va. 2002); *In re Bellman Farms, Inc.*, 140 B.R. 986, 995 (Bankr. D.S.D. 1991); *accord In re Molnar Bros.*, 200 B.R. 555, 559 (Bankr. D.N.J. 1996).

*In re Bogert Precast, Inc.*, Bankruptcy Case No. 5-93-bk-00321, slip op. at 6 (Bankr. M.D.Pa. October 20, 2004).

The Trustee argued that it was the movants' burden to prove entitlement to an administrative expense. Based upon the above case law, I agree. The representative of the movants, unfortunately, was put into an awkward position in that her clients determined, because of the amount of the claims, that it would not be cost effective to bring to Court representatives from Alabama to testify. The foundation for the movants' case was on the submission of certain documents the authenticity of which was questioned by the Trustee and on the several arguments advanced by the movants' representative. I find, based upon this record, that the burden never shifted to the Trustee/objector because the movants did not meet their burden concerning entitlement to administrative expense status. In short, resolution of these Motions rests upon a lack of evidentiary support presented by the movants during the hearing. It is for these reasons that the Court, with the one exception of the programmer fee in the amount referenced

above, will deny both Motions by all movants requesting administrative expense status.

An Order will follow.

By the Court,

Date: March 4, 2010

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*